## HOLCOMB et al. v. ATLANTIC REFINING CO. et al.

### No. 9397.

Court of Civil Appeals of Texas. Austin.

June 9, 1943.

Rehearing Denied June 30, 1943.

Harrington & Harrington, of Longview, and A. M. Felts, of Austin, for appellants.

Black, Graves & Stayton and John W. Stayton, all of Austin, for appellee Atlantic Refining Co.

Joe S. Brown and John E. Green, Jr., both of Houston, and Stanley Hornsby, of Austin, for appellee Gulf Oil Corporation.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is from a final judgment cancelling permits to drill two wells, one on a 2.78-a. tract and the other on a 3.77-a. tract in the East Texas Oil Field, and enjoining production thereunder. The two tracts had been voluntarily segregated from a tract of 7 acres upon which three producing wells had already been drilled. The suit was by Atlantic (Atlantic Refining Company) and Gulf (Gulf Oil Corporation) against Holcomb, the permittee, and the Commission. While the latter gave notice of appeal, Holcomb alone of defendants below has briefed the case in this court.

■ One of the appellant's points is that neither Atlantic nor Gulf had a litigable interest in the suit. The Atlantic owned a lease adjoining the north boundary and the Gulf a lease adjoining the south boundary of the 7-a. tract. That they were interested parties within the meaning of Art. 6049c, § 8, Vernon's Ann.Civ.St., has been repeatedly and uniformly adjudicated; the latest case being Trapp v. Atlantic, Tex.Civ.App., 169 S.W.2d 797 (error refused), citing the Trem Carr case (Railroad Comm. v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022).

■ The evidence conclusively showed that with the three prior wells the 7-a. tract suffered no net excess drainage, and that there were no conditions underlying the lease different from those in adjacent and other areas in the field. Both the confiscation and waste theories were therefore conclusively negatived.

The chief contentions of Holcomb are predicated upon the theory that the voluntary subdivision rule was not properly applied in this case, and that each of the two Holcomb tracts should be considered separately, without reference to the entire 7-a. tract. The pertinent facts, substantially stated are:

The 7-a. tract was 198 feet wide; its west line followed the meanders of a stream; its north line was 1510 feet and its south line 1600 feet. It was segregated from a larger tract by lease to Holcomb December 21, 1931, and two wells were drilled by him (under permits), one 492 feet from the west line and the other 510 feet east of the first and 325 feet from the east line. Offset wells had been drilled to the north and south of these wells. May 21, 1935, Holcomb was sued by Mrs. Knox, his mother, for partition of the 7-a. leasehold, she alleging that she owned 1/24 and he 23/24 undivided interest therein. May 24, 1935, Holcomb answered admitting the joint ownership, and the same day judgment was entered accordingly, a partition was ordered and commissioners appointed. May 25, 1935, upon report of the commissioners, a tract of .24 of an acre in the western end of the 7-a. tract was set aside to Mrs. Knox. The Commission refused to grant a permit to drill on this .24a. tract; and on December 31, 1936, Mrs. Knox and Holcomb executed an "Exchange of Leases and Partition Agreement," under which Mrs. Knox's .24a. tract was shifted to the center of the 7 acres—a strip 100 feet wide across the entire 7 acres, its west line being 205 feet east of Holcomb's well No. 1 and its east line 204.5 feet west of Holcomb's well No. 2. The exchange agreement provided that when Mrs. Knox should be granted a permit on the .24a. tract, "so long as one direct offset to the Knox well is drilled to the north and one to the south by adjacent leaseholders, the said J. B. Holcomb agrees not to offset either of such direct offset wells." The record indicates that this exchange agreement was concurred in by Atlantic and Gulf. A well was drilled under permit on the .24a. tract. Atlantic appealed from this permit order, but later dismissed the suit. Gulf did not appeal. Atlantic and Gulf each drilled an offset well to the Knox well. The two permits in suit were offsets to the Knox well, one on the 3.77-a. tract to the west and the other on the 2.78-a. tract to the east of the Knox tract.

■ That the Knox tract, both as originally set aside by court decree and as later located by the exchange agreement, constituted a voluntary segregation from the 7-a., leaving the 7-a. a unit for development purposes, cannot be questioned. For discussion of this subject see Nash v. Shell Petroleum Corp., Tex.Civ.App., 120 S.W.2d 522, error dismissed.

■ Holcomb contends that not to treat the 3.77-a. and the 2.78-a. tracts as separate tracts for development purposes would constitute a collateral attack on the Knox tract permit. There is no basis for this contention either in authority or in reason. No question is now raised as to the validity of that permit. Had it been questioned at the proper time and by proper parties, its validity would have depended—not upon the right of the voluntarily segregated .24a. tract to a well, but upon the right of the

7-a. to a third well. The segregation did not in any way change the status of the 7-a. as a unit for development purposes.

We are attaching no importance to the fact that the Knox well was drilled under agreement of the parties. In this connection Holcomb contends that Atlantic breached the agreement by appealing from the Knox permit order. The Atlantic contends, on the other hand, that Mrs. Knox had sued it claiming an interest in the land covered by its adjacent lease, and the appeal was taken to protect its rights pending compliance by Mrs. Knox with her agreement to dismiss her suit; and that as soon as the suit was dismissed the appeal was dismissed. Regardless of this state of facts or its bearing upon the rights of the Atlantic, the rights of the Gulf were unaffected thereby. See Trapp case, above.

■ Holcomb further contends that his agreement not to offset the Knox well was without consideration. We do not think so. Leaving the Atlantic out of consideration in this regard, the agreement of Gulf not to contest the Knox permit was a valuable and adequate consideration for Holcomb's agreement not to offset the Knox well. But this issue is unimportant, since we are not basing our holding upon the contractual relations of the parties; but upon the fact that the 7-a. tract must be considered as a unit for development purposes and that, so considered, Holcomb was not entitled to either of the permits in suit, upon either the confiscation or waste theory.

The trial court's judgment is affirmed.

Affirmed.

On Appellants' Motion for Rehearing.

Holcomb's motion for rehearing devotes five pages to the contention that we were in error in holding the Knox .24a. tract a voluntary subdivision of the 7-a. tract by reason of the following asserted facts substantially stated: the 7 acres, the Atlantic and Gulf tracts, and some others were all parts of a tract of at least 269 acres in which Mrs. Knox was asserting a 1⁄24 undivided interest, or 11$\frac{5}{24}$ acres, and she had brought separate suits against each of the leaseholders of the other tracts. After the Holcomb-Knox partition of the 7 acres by which a .24a. tract was set aside to Mrs. Knox on the western end of the 7 acres, and the refusal of the Commission to grant a permit to drill thereon, the .24a. tract was by agreement between Holcomb and Mrs. Knox shifted to the center of the 7 acres, the agreement containing the provision quoted in our original opinion. It is asserted that the Atlantic and Gulf acquiesced in this agreement and upon its faith Mrs. Knox dismissed her other suits, thereby relinquishing her asserted claim to interest in the balance of the 269 acres. It is not contended that Atlantic or Gulf admitted Mrs. Knox's title to any portion of their leases, but it is asserted that they "recognized the merit of Mrs. Knox's contention that she owned a 1/24 undivided interest in the whole 269-acre tract because of the concessions they made in agreeing to withdraw any protest to granting of a well on the divided .24 of an acre tract."

■ The issue of Mrs. Knox's title to an interest in the Atlantic and Gulf leases is not and could not be adjudicated in this suit, even were Mrs. Knox a party to it, which is not the case. She might have joined all the lessees of the 269 acres in a single suit and had her interest (if established) set aside in severalty in a single tract. She chose to file separate suits against the several lessees. She established (manifestly by agreement with Holcomb) her interest in the 7 acres, and had it partitioned to her in kind. This was a voluntary subdivision, under all the authorities, irrespective of the fact that the partition was an agreed one. The fact that she agreed to dismiss her suits against Atlantic and Gulf upon their withdrawal of protests to one well on the .24a. tract has no bearing whatever upon the voluntary subdivision issue or upon the merits of Holcomb's claims to the two permits here in issue. His rights, as stated in our original opinion, extend solely to protection of his vested interest in the entire 7-acre tract considered as a unit for development purposes.

The motion is overruled.

Motion overruled.